# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DENI LUBIS** | **CIVIL ACTION NO. 06-0015** |
| **A 95 125 651** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is Deni Lubi's *pro se* petition for *habeas corpus* (28 U.S.C. § 2241) filed on January 3, 2006. When he filed his petition, Lubis was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/BICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana.

## STATEMENT OF THE CASE

Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), petitioner argued that his continued detention was in violation of his constitutional rights. Based upon this allegation, the government was served and on March 23, 2006, filed a response advising the court that petitioner had been removed from the United States and returned to Indonesia. [Doc. 8]

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner is no longer in custody. Further, the record before the court establishes that the petitioner has demanded only his immediate release throughout these proceedings. Therefore, in light of his release, the court concludes that petitioner's *habeas* challenge to post-removal-order detention is

1

now moot and should be dismissed.

Therefore

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE as MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 11th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE